UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Baozhi Zhu, Yao Cheng, and Tingzhi Zhang, individually and on behalf all other employees similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>Monroe Chocolate Spa & Nails Inc, Xiang Ji, Le Han And "John" (First Name Unknown) Xu<br><br>Defendants. | Case No. 1:18-cv-3024<br><br>**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff Baozhi Zhu, Yao Cheng, and Tingzhi Zhang, ("Plaintiffs") on their own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby file this first amended complaint against the Defendants Monroe Chocolate Spa & Nails Inc ("Monroe Nails"), Xiang Ji, Le Han and "John" (First Name Unknown) Xu (collectively "Defendants"), allege and show the Court the following:

**INTRODUCTION**

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for overtime compensation for all hours worked over forty (40) each workweek.

3.     Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) damages for Defendants' retaliation against Plaintiffs, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4.     Plaintiffs further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) damages for Defendants' retaliation against Plaintiffs, (3) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (4) liquidated damages equal to the sum of unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.     Plaintiff Zhu is a resident of Queens County and was employed as a Nail Technician by Monroe Chocolate Spa & Nails Inc located at 475 NY-17M Ste. 5A, Monroe, NY 10950 from April 28, 2017 to February 28, 2018.

8.      Plaintiff Cheng is a resident of Queens County and was employed as a Nail Technician by Monroe Chocolate Spa & Nails Inc located at 475 NY-17M Ste. 5A, Monroe, NY 10950 from May 1, 2017 to April 30, 2018.

9.      Plaintiff Zhang is a resident of Queens County and was employed as a masseur by Monroe Chocolate Spa & Nails Inc located at 475 NY-17M Ste. 5A, Monroe, NY 10950 from November 1, 2017 to May 1, 2018.

## DEFENDANTS

10.      Upon information and belief, Defendant, Monroe Chocolate Spa & Nails Inc owns and operates a Nail Salon named Monroe Chocolate Spa & Nails located at 475 NY-17M Ste. 5A, Monroe, NY 10950.

11.      Upon information and belief, Defendant, Monroe Chocolate Spa & Nails Inc had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Monroe Chocolate Spa & Nails Inc purchased and handled goods moved in interstate commerce.

12.      Upon information and belief, Defendant Xiang Ji is the owner, officer, director and/or managing agent of Monroe Chocolate Spa & Nails located at 475 NY-17M Ste. 5A, Monroe, NY 10950 and participated in the day-to-day operations of Monroe Nails and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Monroe Chocolate Spa & Nails Inc.

13.      Upon information and belief, Defendant Xiang Ji owns the stock of Monroe Chocolate Spa & Nails Inc and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

3

14.     Upon information and belief, Defendant Le Han is the owner, officer, director and/or managing agent of Monroe Chocolate Spa & Nails located at 475 NY-17M Ste. 5A, Monroe, NY 10950 and participated in the day-to-day operations of Monroe Nails and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Monroe Chocolate Spa & Nails Inc.

15.     Upon information and belief, Defendant Le Han owns the stock of Monroe Chocolate Spa & Nails Inc and manages and makes business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

16.     Upon information and belief, Defendant "John" (First Name Unknown) Xu is the owner, officer, director and/or managing agent of Monroe Chocolate Spa & Nails located at 475 NY-17M Ste. 5A, Monroe, NY 10950 and participated in the day-to-day operations of Monroe Nails and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Monroe Chocolate Spa & Nails Inc.

17.     Upon information and belief, Defendant "John" (First Name Unknown) Xu owns the stock of Monroe Chocolate Spa & Nails Inc and manages and makes business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

18.     At all times relevant herein, Monroe Chocolate Spa & Nails, Inc was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

19.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Monroe Chocolate Spa & Nails, Inc.

20.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation and failed to provide them with a wage notice at the time of hiring and proper wage statement for each pay period in violation of the NYLL.

21.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

### STATEMENT OF FACTS

22.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

23.     Defendants knew that the nonpayment of overtime pay and failure to provide the required wage notice at the time of hiring would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

*Plaintiff Bao Zhi Zhu*

24.     From April 28, 2017 to February 28, 2018 Plaintiff Zhu was hired by Defendants to work as a Nail Technician for Defendants' Nail salon business located at 475 NY-17M Ste. 5A, Monroe, NY 10950.

25.     Plaintiff Zhu provided nail services such as manicure, pedicure, foot massage, and foot spa.

26.     During her employment with Defendants in the summer season, Plaintiff Zhu generally worked six days a week with one day off on Tuesdays. From Monday to Saturday, her daily work hour ran from about 10:00 am to about 7:30 pm without an uninterrupted half-hour meal break for at least nine and a half hour (9.5) per day. On Sunday, her work hour ran from 10:30 am to 6:30 pm without any uninterrupted break for at least eight and a half (8.5) hours. Plaintiff Zhu therefore worked at least fifty-six (56) hours each week.

27.     During her employment with Defendants in the winter season, Plaintiff Zhu generally worked five days a week with the day off on Tuesdays and on Thursdays. From Monday to Saturday, her daily work hours ran from about 10:00 am to about 7:30 pm without an uninterrupted half-hour meal break for at least nine and a half hours (9.50) per day. On Sunday, her work hours ran from 10: 30 am to 6:30 pm without any uninterrupted break for at least eight and a half (8.50) hours. Plaintiff Zhu therefore worked at least forty-six and a half (46.5) hours each week.

28.     Plaintiff Zhu was compensated by a daily base pay and commission.

29.     Plaintiff Zhu's average daily commission income was about $25 paid in cash daily.

30.     From April 28, 2017 to February 28, 2018, Plaintiff Zhu's base pay was $90 per day. Her daily base pay does not take into consideration of the number of hours she worked and her compensation was made part in cash and part in check paid weekly.

### *Plaintiff Yao Cheng*

31.     From May 1, 2017 to April 30, 2018, Plaintiff Cheng was hired by Defendants to work as a Nail Technician for Defendants' Nail salon business located at 475 NY-17M Ste. 5A, Monroe, NY 10950.

32.     Plaintiff Cheng provides nail services, for example, manicure.

33.     During his employment with Defendants, Plaintiff Cheng generally worked six days a week with one day off on Mondays. From Tuesday to Saturday, he worked at Defendants' nail salon from 10:00 a.m. to 7:30 p.m. without an uninterrupted half-hour meal break for at least nine and a half-hour (9.5) per day. On Sunday, his shift ran from 10:00 a.m. to 7:00 p.m. without any uninterrupted break for at least nine (9) hours.

6

34.     Plaintiff Cheng was also required by Defendants to drive other employees to and off work. On Sunday, Tuesday, Wednesday, and Thursday, as the only driver, he picked up the first employee at Flushing at around 8:10 a.m. and dropped off the last employee at around 9:00 p.m. On Friday and Saturday, however, Plaintiff Cheng and another employee named "Kevin" drove the employees together in the following way: Plaintiff Cheng picked the first employee at 8:10 a.m. and several other employees, and then at around 8:40 a.m. arrived at Kevin's who would drive the employees including Plaintiff Cheng to Defendants' business;  after work on Friday and Saturday, Kevin drove employees from Defendants' business, arrived at his residence after dropping some, and switched at around 8:40 p.m. with Plaintiff Cheng who would continue driving and would drop the last employee at around 9:00 p.m. Plaintiff Cheng therefore worked at least seventy-two (72) hours each week.

35.     Plaintiff Cheng was paid a fixed weekly rate at $900. He received $300 in check and $600 in cash.

36.     Defendants terminated Plaintiff Cheng's employment because he complained to Defendant Han that he worked too many hours when the latter asked him to leave home early.

***Plaintiff Tingzhi Zhang***

37.     From November 1, 2017 to May 1, 2018, Plaintiff Zhang was hired by Defendants to work as a masseur for Defendants' Nail salon business located at 475 NY-17M Ste. 5A, Monroe, NY 10950.

38.     Plaintiff Zhang's day-to-day primary duties included providing massages.

39.     During his employment with Defendants, Plaintiff Zhang generally worked six days a week with one day off on Tuesday. Rom Monday to Saturday, if he was working, he worked at Defendants' nail salon from 10:00 a.m. to 7:30 p.m. without an uninterrupted half-hour meal

break for at least nine and a half-hour (9.5) per day. On Sunday, he worked from 10:00 a.m. to 7:00 p.m. Plaintiff therefore worked fifty-six hours and thirty minutes (56.5) on average per week.

40.     Plaintiff Zhang's compensation was comprised of two parts: he was paid by Defendants a flat daily rate of $70.00 regardless of how many hours he actually worked; he was also paid a commission equaling with 20% of the charges on massages he provided, which fell within the range from $40 to $50 per day on average. He was paid weekly in cash.

41.     Defendants terminated Plaintiff Zhang's employment also because he complained that he worked too many hours when Defendant Han asked him to leave home for work earlier than he used to.

42.     In April 2018, Defendants required most employees including Plaintiff Cheng and Zhang to sign at one time a great many time sheets which falsified shorter and untrue working time on a daily basis. Plaintiffs had no choice but to sign it, otherwise they would be fired.

43.     Plaintiff were not given accurate wage statements for each of their pay periods as required by the law.

44.     Defendants did not compensate Plaintiffs for overtime compensation according to state and federal laws.

45.     Defendants did not provide Plaintiffs with a wage notices at the time of their hiring.

46.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

47.     Defendants knew that the nonpayment of overtime wages would economically injure Plaintiffs and the Class Members by their violation of federal and state laws.

48.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

49.     Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

50.     Defendants did not provide Plaintiffs and other Collective members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiffs and other Class members' pay increase(s).

51.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

## COLLECTIVE ACTION ALLEGATIONS.

52.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

53.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their Nail Salon for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

54.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are

9

presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

55.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

56.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

57.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

58.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds

10

generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

d. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

59.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

60.     Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

61.     Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt tipped employees employed by Defendants at Monroe Chocolate Nails & Spa on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

62.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

63.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

64.     Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

65.     Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced

and competent in representing plaintiffs in both class action and wage and hour employment litigation cases.

66.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

67.     Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of

fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

68.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b. Whether Plaintiffs and Class members were paid proper overtime compensation for all hours they worked over 40 under the New York Labor Law;

c. Whether the Defendants provided wage notices at the time of hiring and accurate paystubs at each pay period to Plaintiffs and class members as required by the NYLL;

d. Whether Defendants implemented unlawful tip retention practice that in violation of the New York Labor Law,

e. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

## STATEMENT OF CLAIMS

### COUNT I

**[Violations of the Fair Labor Standards Act—Overtime Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

49.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

50.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

51.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

52.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

53.     At all relevant times, Defendants had a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

54.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

55.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

56.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they

knew or should have known such was due and that failing to do so would financially injure Plaintiff

and Collective Action members.

### COUNT II
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiffs and Rule 23 Class]

57.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

58.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to

pay proper overtime compensation shall be liable, in addition to the amount of any underpayments,

for liquidated damages equal to the total of such under-payments found to be due the employee.

59.     Defendants' failure to pay Plaintiffs and the Rule 23 Class their overtime pay

violated the NYLL.

60.     Defendants' failure to pay Plaintiffs and the Rule 23 Class was not in good faith.

### COUNT III
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement
### Brought on behalf of Plaintiffs and Rule 23 Class]

61.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

62.     The NYLL and supporting regulations require employers to provide written notice

of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including

tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the

employer; any "doing business as" names used by the employer; the physical address of

employer's main office or principal place of business, and a mailing address if different; the

telephone number of the employer. NYLL §195-1(a).

63.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their first day of employment.

64.     Defendants not only did not provide notice to each employee at Time of Hire but failed to provide notice to Plaintiffs even after the fact.

65.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT IV**
**[Violation of New York Labor Law—New York Pay Stub Requirement**
**Brought on behalf of Plaintiffs and Rule 23 Class]**

66.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

67.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

68.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiffs, and did not provide accurate paystubs on or after Plaintiffs' payday.

69.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law

§198(1-d).

## COUNT V
### [Violation of Fair Labor Standards Act – Retaliation
### Brought on behalf of Plaintiffs Cheng and Zhang]

70.     Plaintiffs Cheng and Zhang re-allege and incorporate by reference all preceding

paragraphs as though fully set forth herein.

71.     Defendants willfully and unlawfully retaliated against Plaintiffs Cheng and Zhang

for their exercise of protected activities, namely, their complaining exceedingly long working

hours in April 2018. In retaliating against Plaintiffs Cheng and Zhang, Defendants knowingly acted

in deliberate disregard of their rights.

72.     Defendants conduct violated the FLSA §215.

73.     As a direct and proximate consequence of the Defendants' intentional, unlawful

and outrageous conduct Plaintiff Cheng and Zhang as suffered and continues to suffer damages

including, but not limited to, humiliation and mental distress, pain and suffering.

## COUNT VI
### [Violation of New York Labor Law – Retaliation
### Brought on behalf of Plaintiffs Cheng and Zhang]

74.     Plaintiffs Cheng and Zhang re-allege and incorporate by reference all preceding

paragraphs as though fully set forth herein.

75.     Defendants willfully and unlawfully retaliated against Plaintiffs Cheng and Zhang

for their exercise of protected activities, namely, the complaints about working excessive hours

while being underpaid.

76.     In retaliating against Plaintiffs Cheng and Zhang, Defendants knowingly acted in

deliberate disregard of Plaintiffs' rights.

77.     Defendants' conduct violated the New York Labor Law §215.

78.     As a direct and proximate consequence of the Defendants' intentional, unlawful and discriminatory employment policies and practices Plaintiffs Cheng and Zhang as suffered and continues to suffer damages including, but not limited to, humiliation and mental distress, pain and suffering.

## Prayer for Relief

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA collective plaintiffs, respectfully request that this court enter a judgment providing the following relief:

a)   Authorizing Plaintiffs, at the earliest possible time, to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)  Certification of this case as a collective action pursuant to FLSA;

c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d)   A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e)  An injunction against Monroe Chocolate Spa & Nails Inc, its officers, agents, successors,

employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)   An award of unpaid overtime wages due under FLSA and New York Labor Law;

g) An award of damages resulted from Defendants' willfully and knowingly retaliation against Plaintiffs Cheng and Zhang for their exercising protected activities under FLSA and New York Labor Law;

h)   An award of damages for Defendants' failure to provide wage notice at the time of hiring and paystubs as required under the New York Labor Law.

i) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

j) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

k)  The cost and disbursements of this action;

l) An award of prejudgment and post-judgment fees;

m)   Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

n)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York September 19, 2018        HANG & ASSOCIATES, PLLC.

*/S/ RUI MA*
Rui Ma, Esq.
136-20 38th Ave., Suite 10G
Flushing, New York 11354
Tel: 718.353.8588
rma@hanglaw.com
*Attorneys for Plaintiffs*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Monroe Chocolate Spa & Nails Inc., Xiang Ji and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

ZHU  BAO  ZHI
Full Legal Name (Print)

zhu Bao zhi
Signature

3/26/2018 .
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Monroe Chocolate Spa & Nails Inc.; Xiang Ji, Le Han, and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

YAO CHENG
Full Legal Name (Print)

_____
Signature

6/5/2018
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Monroe Chocolate Spa & Nails Inc. d/b/a Monroe Chocolate Spa & Nails and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages and other damages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Ting zhi zhang*
_____
Full Legal Name (Print)

_____
Signature

05/08/2018
_____
Date